**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Patrick BOOKOUT,
Defendant-Appellant.**

**No. 86–1461.**

United States Court of Appeals,
Tenth Circuit.

Feb. 3, 1987.

Vince D'Angelo, Albuquerque, N.M., for defendant-appellant.

Stanley K. Kotovsky, Asst. U.S. Atty. (William L. Lutz, U.S. Atty. and Larry Gomez, Asst. U.S. Atty., on the brief), Albuquerque, N.M., for plaintiff-appellee.

Before LOGAN and ANDERSON, Circuit Judges, and SAFFELS, District Judge.*

LOGAN, Circuit Judge.

Defendant, Charles Patrick Bookout, appeals from his conviction on a contingent guilty plea to possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841, and aiding and abetting, in violation of 18 U.S.C. § 2. On appeal, he argues that because a search warrant was obtained from a state judge who was not "a judge of a court of record" as required by Fed.R.Crim.P. 41(a), the evidence seized in a search of his residence pursuant to the warrant must be suppressed.

The search and seizure at issue resulted from an elaborate surveillance operation initiated by U.S. Customs officers in a drug-smuggling investigation. The operation was carried out with the assistance of New Mexico state law enforcement officers. On August 17, 1984, a Customs officer observed boxes being loaded into a travel trailer attached to a pickup truck at defendant's New Mexico residence. Federal Customs officers and state police officers followed the truck and trailer to Oklahoma City, Oklahoma, where they contacted Oklahoma state law enforcement officers. Oklahoma officers stopped the truck for a traffic violation in the early hours of August 19; smelling the odor of marijuana they searched the trailer, seized about 600 pounds of marijuana, and arrested the driver, who was defendant's brother.

A Customs officer testified at the hearing on defendant's motion to suppress that he had briefed New Mexico officers who were with him in Oklahoma City on the facts and circumstances of the investigation, seizure and arrest. One of these New Mexico police officers then called his supervisor, David Velarde, in New Mexico to arrange a search of defendant's residence. Velarde prepared an affidavit alleging violation of New Mexico and United States controlled substance laws and secured a search warrant from a state magistrate.

Solely with the assistance of state and local law enforcement officers, Velarde maintained surveillance of the residence until the state magistrate issued the warrant, and then executed the warrant by searching defendant's residence. Return of the search warrant was made to the state magistrate; custody of evidence seized in the search was maintained by state police agents, who filed a state criminal complaint against defendant charging various state drug offenses. The federal criminal indictment underlying the conviction now on appeal was issued a little more than a year later.

Defendant asserts that the search of his residence was the result of a joint federal and state undertaking, and was therefore a "federal search," subject to the requirements of Fed.R.Crim.P. 41. Because the warrant was not issued by a federal magistrate or the judge of a state court of record, as required by the federal rule, he contends that the evidence is inadmissible.

* The Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting    by designation.

The government counters that the search was strictly a state undertaking, asserting that as soon as the investigation established that the illegal operation involved transporting marijuana within the United States rather than smuggling marijuana into the United States, the Customs Service properly referred the case to state and local authorities, first in Oklahoma, and then in New Mexico. Because it was a state search, the government contends, with no federal officers participating in the application for the warrant or the search itself, the requirements of Rule 41(a) need not be met before permitting the use of the fruits of the search in federal court.

■ The factual record before us is not in dispute. The issue is the characterization of that record as a matter of law. Defendant does not suggest that the search did not conform to constitutional or state law requirements, or that there was any deliberate disregard of or intent to flout Fed.R.Crim.P. 41. The rule of law we apply here is comparatively well-established and straightforward:

> "If a search is a state search, with minimal or no federal involvement, the warrant need only to conform to federal constitutional requirements, and the fact that the warrant issued from a court not of record does not render the fruits of the search inadmissible in a subsequent federal criminal prosecution. However, on the other hand, even though the search is made pursuant to a state warrant, if the search is nonetheless 'federal in character,' then the legality of the search would be conditioned upon a finding that the warrant satisfied federal constitutional requirements and certain provisions of Fed.R.Crim.P. 41 'designed to protect the integrity of the federal courts or to govern the conduct of federal officers.' "

*United States v. Millar*, 543 F.2d 1280, 1283–84 (10th Cir.1976) (citations omitted).

■ The search of defendant's residence may ultimately be traced to the joint federal-state investigation initiated as a drug-smuggling inquiry by United States Customs officers. A U.S. Customs officer was the informant, providing much of the information used by state officers to obtain the state warrant. But that does not make this search "federal in character."

■ A search is "federal in character" when federal officers are directly involved in carrying out the search itself and in taking immediate custody of the fruits of the search. *See United States v. Massey*, 687 F.2d 1348, 1355 (10th Cir.1982) (warrants initiated by assistant U.S. attorney based on affidavits alleging federal law violations and executed by a federal agent with federal officials present during the search were federal in nature); *United States v. Rios*, 611 F.2d 1335, 1347 n. 22 (10th Cir.1979) (significant federal involvement found when federal DEA agent who set up drug transaction and provided state agents with essential affidavit information was present when state officers obtained warrant and took possession of items seized). Generally, a search is not federal if only state officers participated directly in procuring the warrant, were present during the search itself, and took immediate custody of the fruits of the search. *See United States v. Gibbons*, 607 F.2d 1320, 1325 (10th Cir.1979) (warrant and search were state in character when "[f]ederal agents did not instigate or assist in obtaining the state warrant and were not present during the search"); *Millar*, 543 F.2d at 1284 (state search when no federal official played any role in obtaining the warrant or assisting in the search; distinguishing cases finding "a federal search because federal agents had participated in the search"); *Sloane v. United States*, 47 F.2d 889, 890 (10th Cir.1931) (state search when federal agent passed information that may have "provoked the action of the state officers," but neither ordered nor directed the search itself). Additionally, in the instant case the state officers followed their seizure with a state prosecution, and it was nearly a year later before federal charges were filed.

Viewed in practical terms, it strains the bounds of common sense to find sufficient

federal involvement to make a constitutionally valid search conforming to state law federal in character merely because the state officers' informant was a federal officer conveying information gained in his official capacity. We have allowed search warrants based on information from anonymous and criminal informants. We will not federalize a search merely because the informant was a U.S. Customs officer. A contrary rule would inhibit appropriate federal-state cooperation, and might discourage both federal and state officers from seeking warrants for searches whenever possible.

AFFIRMED.