**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**Matthew Lewis PIVER,
Defendant/Appellant.**

**No. 89–30164.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1990.

Decided April 11, 1990.

Ronald H. Hoevet, Hoevet, Snyder, Neuberger & Miller, Portland, Or., for defendant/appellant.

Alexander Gordon, Sp. Asst. U.S. Atty., Portland, Or., for plaintiff/appellee.

Before WALLACE, SKOPIL and BRUNETTI, Circuit Judges.

SKOPIL, Circuit Judge:

This is an appeal from a judgment of conviction challenging the district court's

refusal to suppress evidence. The defendant argues that state officers obtained a search warrant in violation of the telephonic procedures of Rule 41 of the Federal Rules of Criminal Procedure. The district court found technical violations of Rule 41 but refused to suppress the eiidence. We conclude that Rule 41 does not apply to the warrant issued in this case and that the search here was not otherwise unconstitutional under fourth amendment standards. Accordingly, we affirm.

## I.

Matthew Piver was arrested at a motel in Portland, Oregon by city police officers responding to a call by the motel management. The management had become suspicious of Piver when he requested that maid service to his room be discontinued and he was observed moving equipment into his room.

The police officers investigated the premises by walking around the hotel in hopes of detecting odors associated with a methamphetamine laboratory. When no odors were detected, the officers knocked on Piver's door, identifying themselves as motel management. Piver opened the door and the officers identified themselves as police officers. The officers immediately observed a white powdery substance on Piver's chest and stomach which they suspected to be cocaine. Piver was arrested. He declined to consent to a search of his room. The room was secured and one officer applied for a telephonic warrant which was granted by Multnomah County District Court Judge Charles Guinasso. When the warrant was executed, police found and seized over 500 grams of cocaine.

During the subsequent federal prosecution, Piver's motion to suppress the seized drugs was denied by the district court. Piver was found guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (1988) and he was sentenced to 60 months' imprisonment.

## II.

■ Rule 41 "governs the standards and procedures to be observed in conducting federal searches." *United States v. Searp*, 586 F.2d 1117, 1121 (6th Cir.1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1247, 59 L.Ed.2d 474 (1979). The parties here apparently assumed that Rule 41 is applicable to a state search that results in a federal prosecution. Courts have held, however, that searches conducted by state officers with state warrants issued by state judges, with minimal or no federal involvement, are not to be judged by the specific provisions of Rule 41 but must only conform to federal constitutional standards. *See, e.g., United States v. Mitro*, 880 F.2d 1480, 1485 (1st Cir.1989) ("we need only ask whether the warrant satisfied constitutional requirements"); *United States v. Bookout*, 810 F.2d 965, 967 (10th Cir.1987) ("a state search, with minimal or no federal involvement ... need only to conform to federal constitutional requirements") (quotation omitted). Our own circuit has observed that "[t]he mere fact that evidence obtained by state officers, under a state warrant, based upon [alleged] violations of state law, is used in a federal prosecution does not invoke the requirements of Rule 41." *United States v. Crawford*, 657 F.2d 1041, 1046 (9th Cir.1981).

Both parties postulate that *United States v. Chavez–Vernaza*, 844 F.2d 1368 (9th Cir.1987), makes Rule 41 applicable to the state search undertaken in this case. We disagree. *Chavez–Vernaza* held that "evidence seized in compliance with federal law is admissible without regard to state law." *Id.* at 1374. That holding is entirely consistent with prior authority requiring that state warrants conform to federal constitutional standards. *Chavez–Vernaza* should not be interpreted to provide that Rule 41's procedural requirements must be satisfied by state officers seeking a state warrant from a state judge. *See Ker v. California*, 374 U.S. 23, 34, 83 S.Ct. 1623, 1630, 10 L.Ed.2d 726 (1963) (states are not precluded from developing their own procedures governing searches and seizures, "provided that those rules do not violate the constitutional proscription of unreasonable searches and seizures"); *United States v. Sellers*, 483 F.2d 37, 43 (5th Cir.

1973) ("it obviously should not be contemplated that [Rule 41] would purport to regulate the procedures through which state courts may issue search warrants predicated on violations of state law"), *cert. denied*, 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212 (1974).

■ We therefore turn to Piver's constitutional argument. He argues that the warrant application procedure in this case violated federal constitutional standards because there was an insufficient record preserved to enable him to challenge the state judge's probable cause determination. The officer here testified that he telephoned Judge Guinasso and read to him from handwritten notes an application for a search warrant. The conversation was taped by the officer and the recording was immediately transcribed. Judge Guinasso was provided with a copy of the transcript and the tape was turned over to the court along with the search warrant and the list of items seized. The tape was lost, however, and Judge Guinasso indicated by affidavit that he had no independent recollection of the telephonic warrant.

Piver argues that the transcript contains "no pauses, stumbling over words, aborted sentences or other speech errors typical of phone conversations" and may not therefore be an adequate representation of the conversation between the officer and Judge Guinasso. The district court rejected that argument and found that the transcription was both "accurate" and "contemporaneous." The court's finding is not clearly erroneous. *See United States v. Echegoyen*, 799 F.2d 1271, 1277 (9th Cir.1986) ("We uphold the district court's findings of fact at a suppression hearing unless they are clearly erroneous."). The officer explained that his warrant request was written out in advance and read over the phone to Judge Guinasso, thereby eliminating the usual deficiencies of speech.

Since we accept the district court's finding that the transcription was an accurate account of the conversation between the officer and the court, Piver's constitutional challenge must be rejected. There is no constitutional violation when "[a] full account of the probable cause affidavit was ... preserved for later examination." *United States v. Johnson*, 641 F.2d 652, 657 (9th Cir.1980).

AFFIRMED.