902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginald Spence NOLAN, Defendant-Appellant.
 No. 89-5964.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1990.
 
 Before BOYCE F. MARTIN, Jr., and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Reginald Spence Nolan (Nolan), has appealed from his conviction in which he conditionally plead guilty to one count of possession with intent to distribute marijuana in violation of 21 U.S.C. 841(a)(1) and 18 U.S.C. 2. On July 11, 1989, Nolan was sentenced, pursuant to the federal sentencing guidelines, to 38 months imprisonment followed by 3 years supervised release. Nolan was also fined $7,550.
 
 
 2
 On appeal, Nolan has charged numerous assignments of error arising from the state's execution of a search warrant issued by a state magistrate and served by state officials. Initially, Nolan has argued that the search warrant was defective because it did not comply with certain procedural requirements of both the Fed.R.Crim.P. 41 and certain Tennessee State Rules of Criminal Procedure. It is well established, however, that if a search is essentially a state search--with minimal or no federal involvement--and the fruits of that search are used against the defendant in federal criminal proceedings, the search warrant need only conform to federal Constitutional requirements, and need not conform to the requirements of Fed.R.Crim.P. 41, nor state procedural rules. United States v. McManus, 719 F.2d 1395, 1397 (6th Cir.1983) ("it is clear that a state search warrant being challenged in federal court must be judged by federal constitutional standards"); United States v. Bookout, 810 F.2d 965 (10th Cir.1987) (same).
 
 
 3
 Nolan has next alleged that the search warrant was issued without probable cause. In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court adopted a "totality-of-the-circumstance" approach to determine the existence of probable cause noting that probable cause is a practical, common-sense concept. The Court emphasized that an issuing magistrate's probable cause determination should be accorded great deference by the reviewing court. Gates, 462 U.S. at 230-231, 103 S.Ct. at 2328. In the case at bar, there was sufficient evidence to support a finding of probable cause because a reliable informant had advised police that he had observed the sale of marijuana in Nolan's residence and had thereafter made a $450 dollar controlled buy of marijuana from Nolan.
 
 
 4
 In addition, Nolan has urged that the affidavit, filed to support the issuance of the search warrant, contained false information in that the drug purchase, as described above, was referred to as a "drug seizure." This contention is totally without merit. As the magistrate correctly stated, "[i]f the misleading nature of the factual assertion had been rectified in the affidavit, the affidavit would have contained a stronger rather than weaker [showing of] probable cause."
 
 
 5
 Lastly, Nolan has challenged the neutrality of State Judge Charles Gallagher, who issued the search warrant here in question. Nolan has argued that Judge Gallagher was registered as a special deputy of the Shelby County Sheriff's Department, and consequently, he was not a neutral and detached magistrate as required by the fourth amendment. See Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Nolan, however, has made no showing that Judge Gallagher's actions in this matter were anything but neutral. Judge Gallagher testified that the sole reason for becoming a registered special deputy was to permit him to legally carry a revolver because of previous threats on his life, and an assault he had recently suffered. Accordingly, the magistrate's conclusion of Judge Gallagher's neutrality, as adopted by the district court, was proper.
 
 
 6
 In conclusion, upon review of Nolan's assignments of error, the record in its entirety, and the briefs of the parties, this court concludes that the district court's order denying Nolan's motion to suppress was proper. Accordingly, Nolan's conviction and sentence is hereby AFFIRMED.