

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2007

# USA v. Primo

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Primo" (2007). *2007 Decisions.* Paper 1138.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1138

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1800
_____

UNITED STATES OF AMERICA

v.

KENRICK PRIMO
a/k/a
Theodore Primo
a/k/a
Shawn Parkinson
a/k/a
"Magic",

Kenrick Primo,

Appellant.

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(No. 04-cr-00018)
District Judge:  Honorable Kim R. Gibson

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2007

Before: RENDELL, BARRY, and CHAGARES, Circuit Judges.

(Filed  May 3, 2007)
_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

From the evening of October 6, 2003, to the afternoon of October 7, Somerset, Pennsylvania police officers obtained and executed a series of four search warrants on appellant Kenrick Primo's apartment, his former residence, and a safe found inside his former residence. During the course of these searches, the officers seized a number of items, including a sizeable quantity of crack cocaine. A federal grand jury subsequently returned an indictment charging Primo with, *inter alia*, possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).

Primo moved to suppress the crack. The District Court held a suppression hearing, and then denied Primo's motion in a thorough opinion. See United States v. Primo, 369 F.Supp.2d 607 (W.D. Pa. 2005). A jury eventually convicted Primo of the distribution charge, and the District Court handed down a 169-month sentence. In this appeal, Primo argues that the District Court's denial of his suppression motion was error. For the reasons stated below, we disagree and will affirm.[1]

I.

Primo's primary argument is that the search warrants were unsupported by probable cause. "[O]ur review of the district court's conclusion regarding the propriety of the magistrate's probable cause finding is plenary." See United States v. Williams, 3 F.3d 69, 71 n.2 (3d Cir. 1993).

---

[1]Because we write only for the parties, we will forgo any detailed discussion of the facts.

A defendant seeking to suppress the fruits of a search conducted pursuant to a warrant has a high hill to climb. A magistrate—and we will use the word 'magistrate' to refer generically to the issuing authority—may find probable cause to search "when, viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Hodge, 246 F.3d 301, 305 (3d Cir. 2001) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Once the magistrate has made this initial determination, the task of a reviewing court is a "modest" one. United States v. Conley, 4 F.3d 1200, 1205 n.2 (3d Cir. 1993). A reviewing court owes the magistrate's probable-cause determination "great deference," and it must leave that determination undisturbed "so long as the magistrate had a substantial basis for" finding probable cause. See Gates, 462 U.S. at 236; United States v. Jones, 994 F.2d 1051, 1055 (3d Cir. 1993). "[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." Jones, 994 F.2d at 1057-58 (quoting United States v. Ventresca, 380 U.S. 102, 109 (1965)).

Furthermore, even if the magistrate did *not* have a substantial basis for finding probable cause, that fact alone is not enough to trigger the "extreme sanction of exclusion." See United States v. Leon, 468 U.S. 897, 926 (1984). Under the good-faith exception to the exclusionary rule, suppression "is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority." Williams, 3 F.3d at 74. "The test for whether the good faith exception applies is 'whether a reasonably well

trained officer would have known that the search was illegal despite the magistrate's authorization.'" United States v. Loy, 191 F.3d 360, 367 (3d Cir. 1999) (quoting Leon, 468 U.S. at 922 n.23).

In a case such as this, where "a suppression motion poses no Fourth Amendment question of broad import," it is "prudent for a reviewing court to immediately turn to the question of whether the officers acted in good faith." Gates, 462 U.S. at 265 (White, J., concurring in the judgment); see United States v. $92,422.57, 307 F.3d 137, 145 (3d Cir. 2002); see also United States v. Craig, 861 F.2d 818, 820 (5th Cir. 1988) ("Principles of judicial restraint . . . dictate that, in most cases, we should not reach the probable cause issue if a decision on the admissibility of the evidence under the good-faith exception of Leon will resolve the matter."). We will therefore limit our analysis to the dispositive question of "whether a reasonably well trained officer would have known that the search[es] [were] illegal despite the magistrate's authorization." Loy, 191 F.3d at 367.

Under our cases, the mere "fact that an officer executes a search pursuant to a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception." $92,422.57, 307 F.3d at 146 (internal quotation omitted). Indeed, we have identified only "four narrow situations," id., in which suppression is appropriate:

(1) the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit.

(2) the magistrate abandoned his judicial role and failed to perform his

4

neutral and detached function.

(3) the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

(4) the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

Williams, 3 F.3d at 74 n.4 (citations omitted).

Primo does not specifically argue that any of these "narrow situations" applies here. In fact, his brief does not mention Leon's good-faith exception. Our own independent review of the record confirms that the Somerset police officers acted in good-faith reliance on the District Justice's issuance of the four warrants in question. The record contains no indicia of deliberate or reckless falsities in the affidavits. The District Justice appears to have performed his neutral and detached function. The affidavits contain sufficient indicia of probable cause. And none of the four warrants is "so facially deficient that it failed to particularize the place to be searched or the things to be seized." See id. In short, the Somerset police reasonably relied on the authority of the four search warrants, and the District Court's denial of Primo's suppression motion was proper.

II.

Primo also argues that, during the execution of the warrants, the Somerset police violated Pennsylvania Rule of Criminal Procedure 209(A).[2] Specifically, Primo points

_____

[2]The rule states:

5

out that the officers failed to issue separate inventory sheets for the first and second warrants. He also notes that these inventory sheets omitted certain items, and that there are inconsistencies between the listed times of applications for warrants and the entered times of searches.

These arguments lack merit. When state officials conduct a search with little or no federal involvement, the evidence will be admissible in federal court so long as it meets federal constitutional requirements. See United States v. Rickus, 737 F.2d 360, 363-64 (3d Cir. 1984); see also United States v. Tate, 821 F.2d 1328, 1330 (8th Cir. 1987) ("In a federal prosecution, the legality of a search and seizure is not determined by reference to a state statute, but rather is resolved by fourth amendment analysis."). Thus, even if the officers violated the Pennsylvania Rules of Criminal Procedure, the only relevant question before us is whether their conduct conformed to the Fourth Amendment. Accordingly, we hold that the purported violations of Rule 209(A) do not warrant

---

An inventory of items seized shall be made by the law enforcement officer serving a search warrant. The inventory shall be made in the presence of the person from whose possession or premises the property was taken, when feasible, or otherwise in the presence of at least one witness. The officer shall sign a statement on the inventory that it is a true and correct listing of all items seized, and that the signer is subject to the penalties and provisions of 18 Pa.C.S. § 4904(b)–Unsworn Falsification To Authorities. The inventory shall be returned to and filed with the issuing authority.

Pa. R. Crim. P. 209(A).

6

suppression.[3]

### III.

Based on the foregoing, we will affirm the District Court's judgment.

---

[3]To the extent that Primo contends the Somerset police violated Federal Rule of Criminal Procedure 41, this argument is similarly unavailing. See, e.g., United States v. Piver, 899 F.2d 881, 882 (9th Cir. 1990) ("[S]earches conducted by state officers with state warrants issued by state judges, with minimal or no federal involvement, are not to be judged by the specific provisions of Rule 41 but must only conform to federal constitutional standards.").