Jose G. NAVARRO; Esperanza C. Navarro, Plaintiffs–Appellees,

v.

F.K. BARTHEL, Defendant,

and

Thomas McCleary, Defendant–Appellant.

No. 90–35743.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1991.

Decided Dec. 27, 1991.

---

Robert E. Franz, Jr., Eugene, Or., for defendant-appellant Thomas McCleary.

Thad M. Guyer, Medford, Or., for plaintiffs-appellees Jose G. Navarro and Esperanza C. Navarro.

Before TANG, O'SCANNLAIN and RYMER, Circuit Judges.

PER CURIAM:

Thomas McCleary, a Medford police officer, relied on a confidential informant to obtain a search warrant for "the second house on the right" of a street where the Navarros, who were not a target, live. McCleary, and other officers who executed the warrant, figured the Navarros' house was the second house on the right. It was not, and the Navarros brought this 42 U.S.C. § 1983 action alleging violation of their Fourth Amendment rights.

The district court denied McCleary's motion for summary judgment on the ground of qualified immunity, applying the standard adopted in *Maryland v. Garrison,* 480 U.S. 79, 85, 107 S.Ct. 1013, 1017, 94 L.Ed.2d 72 (1987), for determining whether the Fourth Amendment is violated by a search of the wrong location (whether the officers knew or should have known that a mistake had been made in designating the place to be searched). The district court concluded that a triable issue remained whether McCleary acted reasonably in not clarifying which houses were to be considered in determining which was the second house along the driveway.

McCleary contends that the court incorrectly applied a reasonableness standard, and that instead, because he relied on an informant, his conduct should be measured under the test set out in *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2675–77, 57 L.Ed.2d 667 (1978). We recently held in *Branch v. Tunnell,* 937 F.2d 1382 (9th Cir.1991), that the *Franks* standard defines the scope of qualified immunity in civil rights actions, and that in those which allege judicial deception, the plaintiff must show that the defendant knowingly included false statements in the affidavit or did so with reckless disregard. *Id.* at 1387. From this, McCleary argues that there was no Fourth Amendment violation because false statements in a search warrant affidavit only invalidate probable cause if the false statements are statements of the officer, not an informant, and that he is entitled to qualified immunity because he did not make the statements about where the house was falsely or recklessly.

We believe the district court correctly characterized this case as involving the Navarros' Fourth Amendment right to a warrant describing with sufficient particularity the location to be searched, not as a case involving whether the warrant was validly issued with probable cause. We conclude, therefore, that the district court properly judged McCleary's conduct under an objectively reasonable standard. Accordingly, we affirm.

I

On August 15, 1988, Detective McCleary met with Pedro Ramirez, a confidential informant, who told him that Andres Villa was dealing cocaine out of his house. Ramirez said that Villa's home was the second house on the right side of a driveway leading off Agate Road to the Southern Oregon Tallow Company.

Police and utility records indicated only that Villa lived on the Tallow Company's property. McCleary obtained a warrant

that directed officers to take the center driveway, and drive towards the Tallow Company buildings to the "second house on the right," which was occupied by Villa. The access road has one house near the corner of the driveway and Agate Road, then four other houses along the driveway. The informant evidently did not include the house on the corner when he described the house to be searched as the second house along the driveway. The officers executing the warrant counted differently, and ended up kicking down the Navarros' door at 11:05 p.m. the night of August 24.

## II

 Under the Supreme Court's recent decision in *Siegert v. Gilley*, — U.S. —, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991), we must first determine whether the Navarros have "asserted a violation of a constitutional right at all." They have, because the right to be free from a search of the wrong place, even when executed pursuant to a warrant, is secured by the Fourth Amendment. *See United States v. Collins*, 830 F.2d 145 (9th Cir.1987); *see also Maryland v. Garrison*, 480 U.S. at 84, 107 S.Ct. at 1017.

## III

McCleary contends that the next thing we must decide is whether there was probable cause to believe that the second house on the right was Villa's. If so, he argues, that ends the inquiry in the absence of evidence that his statements were deliberately or recklessly made in disregard of the truth. We disagree, however, that this is strictly a probable cause question. No one genuinely disputes that there was probable cause to believe that drugs would be found at Villa's house, or that on one view his was the "second house on the right." Rather, we agree with the district court that the question in this case is whether a police officer in McCleary's position would reasonably have described the location with sufficient particularity to direct those executing the warrant to the *correct* house on the right.

Accordingly, we do not see this as a claim based on judicial deception such that the *Franks* test is triggered. The Warrant Clause categorically protects against unreasonable searches of places inadequately described. *Maryland v. Garrison*, 480 U.S. at 84, 107 S.Ct. at 1017. The district court therefore correctly determined that it is for the jury to decide whether McCleary acted reasonably, based on information about the layout of the Tallow Company premises that he knew or should have known, to assure that the wrong place was not searched. *See Brady v. Gebbie*, 859 F.2d 1543, 1556 (9th Cir.1988), *cert. denied*, 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989).

AFFIRMED.