No. 91–1550. MCCLEARY *v.* NAVARRO ET UX. C. A. 9th Cir. Certiorari denied.

JUSTICE WHITE, with whom THE CHIEF JUSTICE, JUSTICE O'CONNOR, and JUSTICE THOMAS join, dissenting.

Respondents filed this lawsuit after police, who were attempting to execute a search warrant, began kicking at their door at 11 o'clock one night. The police were looking for a suspected

---

cocaine dealer, but they got the wrong house. The question presented is whether petitioner, the officer who drafted the search warrant affidavit describing the house to be searched, is entitled to qualified immunity. Because the Court of Appeals applied the wrong legal standard in answering that question, I would reverse the judgment and remand the case for further consideration.

Petitioner, a detective, received a tip from a confidential informant that one Andres Villa had drugs in his home, one of several small houses on an access road to a plant. The first building was set back from the road, along a separate driveway. The informant did not count this structure when he told petitioner that Villa lived in the second house on the right. Consequently, the warrant that petitioner obtained directed officers to go to the second house on the right. The officers executing the warrant counted differently, so they ended up at the wrong house.

Respondents sued petitioner and others not party to this petition under Rev. Stat. § 1979, 42 U. S. C. § 1983, alleging a violation of their Fourth Amendment rights. The District Court denied petitioner's motion for summary judgment on grounds of qualified immunity. The Court of Appeals affirmed, holding "that the question in this case is whether a police officer in [petitioner's] position would reasonably have described the location with sufficient particularity to direct those executing the warrant to the *correct* house on the right" and "that it is for the jury to decide whether [petitioner] acted reasonably . . . ." *Navarro* v. *Barthel*, 952 F. 2d 331, 333 (CA9 1991) *(per curiam)*.

The decision of the Court of Appeals was entered just a few days after our judgment in *Hunter* v. *Bryant*, 502 U. S. 224, 227 (1991), in which we explained that the appropriate inquiry was whether a reasonable officer *could* have thought that he had acted in accordance with the Constitution, and not whether an officer *would* have acted otherwise (the standard applied by the Ninth Circuit in *Hunter* and the present case). This distinction provides "ample room for mistaken judgments," because qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley* v. *Briggs*, 475 U. S. 335, 343, 341 (1986), quoted in *Hunter, supra*, at 229.

In *Hunter* we also reiterated the principle that questions of immunity ordinarily should be decided by the court, not by the jury, 502 U. S., at 228, because "[t]he entitlement is an *immunity from suit* rather than a mere defense to liability," *Mitchell* v.

*Forsyth,* 472 U. S. 511, 526 (1985). See *Hunter, supra,* at 227 (collecting cases).

Because the Court of Appeals did not have the benefit of our decision in *Hunter* when it was deciding this case, I would summarily reverse the judgment and remand the case so the Ninth Circuit may reexamine its decision in light of the correct legal standards.