**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Christopher A. COLLINS,**
**Defendant-Appellant.**

**No. 87–1097.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 6, 1987.

Decided Oct. 15, 1987.

Sanford Svetcov, U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Victoria C. Belco, Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Before ANDERSON, BOOCHEVER and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Christopher Collins appeals his conviction of conspiracy to manufacture methamphetamine and manufacture of this substance. 21 U.S.C. §§ 841(a)(1) and 846. We rule that evidence obtained from an unconstitutional search warrant should be suppressed and reverse his conviction.

**FACTS**

On May 24, 1986 Cerena Wong, a judge of the Municipal Court in Sebastopol, California, issued a warrant authorizing the search of 373 Springdale Street, Sebastopol, "more particularly described as a single story wood framed residence, white in color with a dark composition roof" and as "the last house on the east side of Springdale Street." With Judge Wong's oral approval, the police altered the warrant the same night to "300 Springdale Street" and to "the last house on the west side."

At 2:00 A.M. on the morning of May 25 police executed the warrant. They entered and searched 300 Springdale Street. They found nothing. They then took into account that 300 Springdale was not the last house on the west side. That house is described by a witness as yellow-gold with green trim and a grey roof. The officers entered this property and found a shed containing a methamphetamine laboratory. Collins was arrested and convicted on the basis of the evidence turned up in this search. He challenges the evidence's admissibility.

**ANALYSIS**

The Fourth Amendment requires that the place to be searched be described with particularity. This warrant did not describe the place to be searched with particularity. The police were remarkably unparticular. They got the street address wrong twice. They got the sides of the street wrong once. They did not have a physical description that brought them to

the right place. *Cf. United States v. Turner,* 770 F.2d 1508 (9th Cir.), *cert. denied,* 475 U.S. 1026, 106 S.Ct. 1224, 89 L.Ed.2d 334 (1985). There was not only a reasonable probability that another premise might mistakenly be searched, but another premise was searched. They had an address that they followed to the wrong house. The wrong address they had was due to their own carelessness and lack of common prudence; they had not carried out their duty to get the right particulars; they did not disclose what they had "a duty to discover and disclose." *See Maryland v. Garrison,* — U.S. ——, 107 S.Ct. 1013, 1018, 94 L.Ed.2d 72 (1987). The information they gave Judge Wong misled her.

The evil guarded against by the Fourth Amendment is doubled when the particularity of the warrant is an erroneous particularity. The result here was a frightening middle of the night invasion by police of the home of innocent people. The appropriate sanction for such disregard of an explicit constitutional command has long been recognized as suppression of the evidence unconstitutionality obtained. As the officers were reckless in preparing their affidavit, they are not protected by good faith reliance on the warrant. *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 3422, 82 L.Ed.2d 677 (1984).

REVERSED and REMANDED with instructions to suppress the evidence.