**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wayde Lynn KURT, Defendant– Appellant.**

**No. 92–30081.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 1992.

Decided Feb. 17, 1993.

Mark E. Vovos, Spokane, WA, for defendant-appellant.

Robert S. Linnell, Asst. U.S. Atty., Yakima, WA, for plaintiff-appellee.

Before: WALLACE, EUGENE A. WRIGHT and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide whether an officer's alteration of the address on a search warrant, made while not under oath but at the direction of a judge, violates the Fourth Amendment. We hold that the good faith exception applies and the search was valid. Because we also reject the two other issues Kurt raises on appeal, we affirm his conviction for counterfeiting, 18 U.S.C. § 471 (1988), and possession of counterfeiting paraphernalia, 18 U.S.C. § 474.

I

This case emanated from a murder investigation by the Snohomish County Sheriff's Department. Officers obtained from Superior Court Judge Rutter a warrant to search for a murder weapon at Kurt's residence. When the officers, accompanied by local police and a federal agent, arrived at the address on the warrant, they found it to be the address of Kurt's parents. The parents gave them the correct address. The search warrant affiant, Detective Bart, then telephoned the dispatcher in an effort to change the warrant to state Kurt's correct address. Unable to reach Judge Rutter, Bart instead spoke with another Snohomish County superior court judge. During their telephone conversation, that judge authorized the change to the warrant without placing Bart under oath. The officers then went to Kurt's house.

When they entered, he immediately volunteered that there was counterfeit money in the house. Three to four hours later, while Kurt was in custody at the Cle Elum police station, the town's police chief obtained Kurt's signed consent to search his house for evidence of counterfeiting. A search by federal agents turned up almost $98,000 in counterfeit currency and equipment used in counterfeiting.

Kurt was charged with counterfeiting and possession of counterfeiting paraphernalia. A jury convicted him on the possession charge. Because the government had violated the Interstate Agreement on Detainers Act, we affirmed the district court's dismissal of the case without prejudice. *See United States v. Kurt,* 945 F.2d 248, 249 (9th Cir.1991). Kurt was reindicted and represented himself at his second trial, with appointed counsel attending in an advisory capacity. He was convicted on both counts.

He raises three issues on appeal: (1) whether the evidence obtained from his consent to search should have been suppressed because of a prior defective warrant; (2) whether the district court erred by not giving his proposed jury instructions on the counterfeiting charge; and (3) whether there was sufficient evidence to support a guilty verdict.

His appeal is timely. We have jurisdiction under 28 U.S.C. § 1291.

II

A. *Motion to Suppress*

Kurt argues that the initial search of his home violated the Fourth Amendment because the officer making the change in address was not placed under oath. Even though Kurt signed a consent form authorizing the later search by federal agents, he argues that his consent was tainted by the earlier, allegedly illegal, conduct by county officers. He contends that any evidence seized should have been suppressed.

■ The district court denied the suppression motion because it found that the officer who amended the search warrant had relied in objective good faith on the judge's instructions. *See United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This court reviews de novo a district court's application of the good faith exception. *United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992).

■ The exclusionary rule exists " 'to deter unlawful searches by police, not to punish the errors of magistrates and judges.' " *Massachusetts v. Sheppard,* 468 U.S. 981, 990, 104 S.Ct. 3424, 3429, 82 L.Ed.2d 737 (1984) (*quoting Illinois v. Gates,* 462 U.S. 213, 263, 103 S.Ct. 2317, 2346, 76 L.Ed.2d 527 (1983) (White, J., concurring in judgment)). A police officer is not "required to disbelieve a judge who has just advised him … that the warrant he possesses authorizes him to conduct the search he has requested." *Id.* at 989–90, 104 S.Ct. at 3428–29. Where the police behavior is "objectively reasonable and largely error-free," suppression of evidence is not warranted by a judge's error. *Id.* at 990–91, 104 S.Ct. at 3428–29. In *Negrete–Gonzales,* we found objectively reasonable DEA agents' reliance on an issuing judge's erroneous instructions, even though the agents also had committed a fundamental violation of Rule 41 of the Federal Rules of Criminal Procedure. 966 F.2d at 1283 (agents did not read verbatim copy of warrant to judge).

■ The facts here resemble those in *Negrete–Gonzales.* The judge instructed Detective Bart to change the address without administering an oath. Even if the judge's failure to place Bart under oath violated the Fourth Amendment, an issue we decline to reach, the error was the judge's, not the officer's. The good faith exception applies. The district court did not err in denying the suppression motion.

## B. Jury Instructions

■ Next, Kurt contends that the court erred in rejecting his proposed jury instructions on intent to defraud, leaving him unable to argue his theory of the case. We must decide whether the court's instructions, in their entirety, adequately covered Kurt's theory of lack of intent to defraud. *See United States v. Joetzki,* 952 F.2d. 1090, 1095 (9th Cir.1991). This question of law is reviewed de novo. *Id.*

■ The instructions given by the court were nearly identical to those proposed by Kurt. The only material difference between the two is that Kurt's proposed instruction number 30 misstated the intent requirement. That instruction would have required proof of intent to defraud "either the United States or some other entity or person with whom he has transacted business." This is a much narrower definition of intent than required by the statute or the case law. *Cf. United States v. Cluchette,* 465 F.2d 749, 753 (9th Cir.1972) (defendant not entitled to instruction requiring proof of acts not charged in indictment). Neither requires that a defendant intend to defraud someone with whom he has transacted business. The court's instructions, when reviewed in their entirety, adequately covered Kurt's theory that he lacked the intent to defraud. Contrary to his assertions, the court's instructions did not relieve the government of its burden of proof as to the element of intent nor did they disallow the possibility of a good faith defense. We find no error.

## C. Sufficiency of the Evidence

■ Finally, Kurt argues that the government's evidence was insufficient to support a conviction. He contends that the court erred in denying his motions for arrest of judgment and/or for a new trial and for judgment of acquittal. Because he does not challenge the sufficiency of the indictment or the district court's jurisdiction, the court did not err in denying his motion for arrest of judgment. *See* Fed. R.Crim.P. 34.

■ The denial of a motion for a new trial is reviewed for an abuse of discretion. *United States v. George,* 960 F.2d 97, 101 (9th Cir.1992). We review the denial of a motion for acquittal in the same way as a

challenge to the sufficiency of the evidence. *United States v. Shirley,* 884 F.2d 1130, 1134 (9th Cir.1989). Evidence supporting a conviction is sufficient if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). "[C]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." *United States v. Reyes–Alvarado,* 963 F.2d 1184, 1188 (9th Cir.1992). Mere suspicion or speculation, however, is insufficient. *United States v. Stauffer,* 922 F.2d 508, 514 (9th Cir.1990).

Most of the "evidence" that Kurt says would have demonstrated his lack of intent could not be considered by the jury because he attempted improperly to introduce it during his unsworn closing argument. The circumstantial evidence introduced at trial included testimony that the completed notes had been aged to look as though they had been circulated. Evidence showing that Kurt had printed $98,000 in 20–dollar notes sharply undercuts his contention that he merely took up a new hobby. A rational trier of fact could have concluded that Kurt intended to pass his counterfeit currency as genuine. The district court neither abused its discretion in denying Kurt's motion for a new trial nor erred in denying his motion for judgment of acquittal.

AFFIRMED.