UNITED STATES of America, Plaintiff,

v.

Kevin **FURLONG,** Daniel Dismass Hand, Ava Loretta Hickman and Gregory Scott Tolley, Defendants.

No. CR 93-17-H-CCL.

United States District Court, D. Montana, Helena Division.

Feb. 11, 1994.

Bernard F. Hubley, Asst. U.S. Atty., Helena, MT.

Wendy Holton, Helena, MT, for defendant Furlong.

J. Mayo Ashley, Helena, MT, for defendant Hand.

Leo Gallagher, Helena, MT, for defendant Hickman.

J. Cort Harrington, Helena, MT, for defendant Tolley.

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

LOVELL, District Judge.

This matter came on regularly for hearing on Defendants' motion to suppress all evidence seized from room 36 of the Lamplighter Motel during a search on March 3, 1993. Defendants appeared personally and together with the United States, were represented by their respective counsel. After listening to the testimony presented at the hearing, reviewing the exhibits provided by the parties, and considering the arguments raised in the parties' briefing, the court makes the following findings of fact, conclusions of law, and order.[1]

### BACKGROUND:

On March 3, 1993, Agent Reed Scott of the Montana Criminal Investigation Bureau received information from an informant, Tim Thompson, regarding a burglary at Montana Outdoor Sports in Helena. The informant indicated that the fruits of the burglary could be found in room 34 of the Lamplighter Motel. Based on this information, Troy McGee, Captain of the Helena Police Department, applied for a search warrant for room 34, which was issued by Justice of the Peace ("JOP") Wallace Jewell.

After the warrant was issued, the informant drove Officer Scott to room 36 of the Lamplighter and the informant was then sent into the room. At this time, Scott and the informant realized that the wrong room number was on the warrant. JOP Jewell was subsequently contacted and he authorized the room number on the warrant to be changed to 36. The search was then conducted by a quick response team.

The next day, March 4, 1994, McGee came to JOP Jewell's office, swore to the address change, and JOP Jewell signed the change.

Defendants initially claimed that the evidence should be suppressed on the grounds that a government informant conducted a warrantless search of the room prior to the search by law enforcement and that the warrant eventually relied upon by the police in their search was defective. Defendants claim that the warrant was defective because it stated room 34 instead of 36 on its face, and the JOP's oral discussions with the officers did not correct the warrant deficiencies. Although Defendants did not request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), during this hearing and in supplemental briefing provided after the hearing, Defendants raised the additional argument that the initial warrant was not supported by probable cause because the government withheld from the JOP evidence impeaching the credibility of the informant.

### FINDINGS OF FACT

1. At the time the affidavit was written, the affiant knew that a reason the informant was providing the information was that he hoped to get a reward and knew that the informant had a criminal record, and he did not disclose those facts to the JOP.

However, those facts are only of general impeachment value. Officer Scott reasonably understood that the main reason the informant was providing the information was that Defendants were going to participate in an armed robbery, and he was concerned about the danger they presented. In addition, although the informant had several criminal convictions, there is no evidence that any of his prior felony convictions were for crimes involving dishonesty or false statements.[2]

---

1. Defendants have submitted a memorandum and order, entered by the District Court for the First Judicial District of Montana, wherein, based on a transcript of the hearing in this court, the District Court granted Defendants' motion to suppress in a related state case. The memorandum and order of the District Court is not at odds with these findings and conclusions as the District Court based its holding on state law.

2. The informant has been convicted of theft; burglary; possession of drugs; transporting, manufacturing, distributing, or storing explosive materials; criminal contempt; and violating his federal parole.

2. The affiant did not intend the stated omissions to mislead the JOP.

3. The stated omissions were not made in reckless disregard of whether they would mislead the JOP, because the omitted information was not clearly critical to the probable cause determination.

4. The affidavit, supplemented by the stated omissions, is sufficient to support a finding of probable cause, because after supplementing the affidavit with the stated omissions and then considering all the circumstances set forth therein, including the veracity and basis of knowledge of the informant, there was a fair probability that contraband or evidence of the burglary would be found in Defendants' room at the Lamplighter Motel.

5. The informant knew that Defendants' room was room 36 and not 34, before entering it pursuant to Officer Scott's instructions on March 3, 1993.

Although the informant had originally stated that Defendants were in room 34, upon returning with Officer Scott to the Lamplighter Motel, he went immediately to room 36. The informant's knowledge that Defendants were in room 36 came from a prior visit to the room. The building containing room 36 does not even slightly resemble the building containing room 34, and the informant took Officer Scott directly to room 36. The informant did not need to re-enter room 36 to confirm that it was Defendants' room.

6. Defendants' room was described with sufficient particularity to enable the executing officers to locate and identify the premises with reasonable effort, and there was no reasonable probability that another premises might have been mistakenly searched.

The warrant correctly stated the street address and the motel name. Although the room number was misstated, Officer Scott accompanied the informant to Defendants' room and therefore knew it to be room 36. It was unclear from the evidence whether Scott participated in executing the search warrant. However, law enforcement maintained surveillance of the room prior to the search and law enforcement executing the search went directly to Defendants' room and searched only that room.

7. It was objectively reasonable for law enforcement to rely on the JOP's instructions *to change the room number on the warrant* where the JOP failed to place the officer under oath and failed to turn on a recording device, prior to receiving new address information from the officer on the telephone and instructing the officer to change the address on the warrant.

8. Any conclusions of law more properly considered findings of fact are hereby incorporated.

## DISCUSSION

### Probable Cause:

Defendants argue that the evidence should be suppressed on the ground that the affiant deliberately chose to omit information from the affidavit that directly bore on the JOP's determination regarding the credibility of the informant.

■ There is a two step process for attacking the insufficiency of a warrant. *Franks*, 438 U.S. at 156–57, 98 S.Ct. at 2676–77. Defendants must first merit a *Franks* hearing by making a substantial preliminary showing that the affidavit contains intentionally or recklessly false statements, and that the affidavit cannot support a finding of probable cause without the allegedly false information. *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir.), *cert. denied*, 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 27 (1980). Defendants have not requested a *Franks* hearing and have not made the necessary substantial preliminary showing. Accordingly, the court has concluded that Defendants' are not entitled to a hearing and their argument fails.

Defendants did solicit testimony from witnesses on this point at the hearing. However, even if that evidence is considered, their argument fails. Under *Franks*, 438 U.S. at 156, 98 S.Ct. at 2676, evidence seized pursuant to a search warrant must be suppressed if the defendant can prove by a preponderance of the evidence that the affidavit contains intentionally or recklessly false statements, and that the affidavit cannot support a finding of probable cause without the alleg-

edly false information. *United States v. Tham,* 960 F.2d 1391, 1395 (9th Cir.1991). This rule has been extended to include deliberate or reckless omissions. *Id.*

■ The first prong of the *Franks* test requires that a defendant show intentional falsehoods or reckless disregard for the truth. *United States v. Miller,* 753 F.2d 1475, 1478 (9th Cir.1985). Allegations of negligence or innocent mistake are insufficient. *Id.* (quoting *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684) (citations omitted).

■ Defendants argue that the affiant's failure to include in the affidavit the fact that a reason the informant was providing the information was for reward money, and the fact that the informant had several felony convictions, constituted intentional or reckless disregard for the truth of the affidavit.

■ Defendants appear to argue that "intentional" as used in *Franks* simply requires a conscious decision to omit a fact. That definition is incorrect. If that type of "intentional" omission is all that *Franks* requires, the *Franks* intent prerequisite would be satisfied in almost every case. *United States v. Colkley,* 899 F.2d 297, 300 (4th Cir.1990). The mere fact that the affiant did not list every conceivable conclusion does not taint the validity of the affidavit. *United States v. Burnes,* 816 F.2d 1354, 1358 (9th Cir.1987). *Franks* protects against omissions that are designed to mislead, or that are made in reckless disregard of whether they would mislead, the magistrate. *Colkley,* 899 F.2d at 301; *see United States v. Reivich,* 793 F.2d 957, 961 (8th Cir.1986); *United States v. Melvin,* 596 F.2d 492, 499 (1st Cir.), *cert. denied,* 444 U.S. 837, 100 S.Ct. 73, 62 L.Ed.2d 48 (1979). In this case, the court has found that Defendants have failed to show that the affiant intended the omissions to mislead the JOP.

■ Recklessness may be inferred where the omitted information was "clearly critical" to the probable cause determination. *Rivera v. United States,* 928 F.2d 592, 604 (2nd Cir.1991) (citations omitted). The court has found that the fact that the informant hoped to receive money for the information and the fact that he had been convicted of several crimes were only of general impeachment value. In addition, it is reasonable to conclude that law enforcement assumed that the JOP would have supposed that the informant had an ulterior motive, such as a reward, for turning in the information. *See United States v. Strifler,* 851 F.2d 1197, 1201 (9th Cir.1988) (magistrate would naturally have assumed that informant was not disinterested citizen), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 228 (1989).

In contrast, the affidavit established the informant's reliability. The informant's reliability was established in the affidavit by the statement that the informant had been reliable in the past for the Lewis and Clark County Sheriff's Department and by the statements in the affidavit that were corroborated by independent evidence. The affidavit states that Defendants told the informant about how they burglarized Montana Outdoor Sports, corroborated by the fact that it had indeed been burglarized the day before; and, that Defendants had given the informant two Gerber knives to try to sell, corroborated by the fact that the informant gave two Gerber knives to law enforcement. That the Gerber knives were taken in the burglary was corroborated by the fact that such knives had indeed been taken in the burglary. Under these circumstances, the court has found that the omitted information was not clearly critical to the probable cause determination. *See, e.g., United States v. Martin,* 920 F.2d 393, 398 (6th Cir.1990) (fact that informant may have been of general bad character not relevant where information provided by informant already led to conviction of Defendant).

That the omissions were not reckless is further supported by the fact that they were omissions and not affirmative inclusions. "While omissions may not be per se immune from inquiry, the affirmative inclusion of false information in an affidavit is more likely to present a question of impermissible official conduct than a failure to include a matter that might be construed as exculpatory. This latter situation potentially opens officers to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redound-

ed to defendant's benefit. The potential for endless rounds of *Franks* hearings to contest facially sufficient warrants is readily apparent." *Colkley*, 899 F.2d at 301 (citations omitted).

Defendants cite *United States v. Reivich*, 610 F.Supp 538 (D.C.Mo.1985), and *United States v. Boyce*, 601 F.Supp 947 (D.Minn. 1985), in support of their argument that these omissions were reckless. Defendants fail to point out, however, that *Reivich* was reversed by the Eighth Circuit. *See Reivich*, 793 F.2d at 958. They also fail to point out that the court in *Boyce* might not have found the omissions so troublesome apart from the affirmative misrepresentations in the affidavit. *Boyce*, 601 F.Supp. at 953.

■ Even if Defendants have shown by a preponderance of the evidence that the affidavit contains intentional or reckless omissions, they have failed to show that the affidavit cannot support a finding of probable cause. The issue is whether the affidavit supplemented by the omissions would not be sufficient to support a finding of probable cause. *United States v. Whitworth*, 856 F.2d 1268, 1280–81 (9th Cir.1988) (citations omitted), *cert. denied*, 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 846 (1989).

Probable cause exists to issue a search warrant based upon information provided by an informant if, "given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Among the factors which can be considered in the totality of the circumstances is whether the information provided by the informant in the past was accurate, *United States v. Angulo–Lopez*, 791 F.2d 1394, 1397 (9th Cir.1986). In this case, the affidavit stated that the informant had provided reliable information in the past.

The court may also consider whether the information provided in this case was independently corroborated. *Id.* As previously stated, law enforcement corroborated the informant's statements that Montana Outdoor

Sports had been robbed, that the suspects had Gerber knives they were trying to sell, and that Gerber knives had been taken in the robbery.

Accordingly, after supplementing the affidavit with the stated omissions and then considering all the circumstances set forth in the affidavit, the court has found that probable cause existed to search Defendants' room at the Lamplighter Motel.

**Informant Search:**

Defendants argue that the evidence should be suppressed because the only way law enforcement determined that room 36 was the correct room to be searched was by sending the informant into the room. Defendants argue that this constituted a warrantless search and, therefore, the identification of the correct room as room 36 should be suppressed as fruit of the poisonous tree. Since the court has found that the informant identified room 36 as the correct room to be searched before entering the room on March 3, 1993, Defendants' argument fails.

**Particularity:**

■ Defendants argue that even if the warrant was valid, it was not sufficiently particular to permit a search of room 36 since the warrant said room 34 on its face. The government argues that although the room number was wrong, the warrant was sufficiently particularized to room 36 when the informant took the officer to the Defendants' room prior to the search and the officer could see that it was room 36, not 34.

■ The test for determining the sufficiency of the warrant description is whether the place to be searched is described with sufficient particularity to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched. *United States v. Turner*, 770 F.2d 1508, 1510 (9th Cir.1985) (citations omitted), *cert. denied*, 475 U.S. 1026, 106 S.Ct. 1224, 89 L.Ed.2d 334 (1986).

Defendants argue that the officers executing the warrant may only particularize the warrant with other information from the

warrant or the affidavit, and since there was no description of the room to be searched or other particularizing information in the warrant or affidavit, the evidence should be suppressed.

Clearly, the court can take into account facts known by the executing officer but not specifically stated in the affidavit or warrant to validate a search. *See United States v. Gahagan*, 865 F.2d 1490, 1497 (6th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3242, 106 L.Ed.2d 590 (1989); *see, e.g., United States v. Owens*, 848 F.2d 462 (4th Cir.1988) (considered statement by informant made after warrant obtained that apartment to be searched was on right); *United States v. Bonner*, 808 F.2d 864 (1st Cir.1986) (considered that officers had previously surveilled the house and searched only that house without delay after warrant issued), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1632, 95 L.Ed.2d 205 (1987); *United States v. Burke*, 784 F.2d 1090 (11th Cir.) (considered that officer accompanied informant to apartment complex where informant identified correct apartment), *cert. denied*, 476 U.S. 1174, 106 S.Ct. 2901, 90 L.Ed.2d 987 (1986); *Turner*, 770 F.2d at 1511 (considered that the correct house had been under surveillance, the warrant was executed by an officer who personally knew residence to be searched, and the house intended to be searched was searched); *United States v. Gitcho*, 601 F.2d 369 (8th Cir.) (considered same factors as *Turner*), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979).

It has even been found that a warrant was sufficiently particularized where the only facts taken into account were those known by the executing officer but not specifically stated in the affidavit or warrant to validate a search.[3] In *United States v. Clement*, the Eighth Circuit concluded that a warrant was sufficiently particularized where: the warrant named the correct street number; the officer knew the apartment to be searched; and the officers immediately went to the correct apartment. 747 F.2d 460, 461 (1984).

The facts in *Clement* are almost identical to the facts in this case. In this case, the warrant named the correct motel and the correct street address, but the wrong room number. Officer Scott accompanied the informant to Defendants' room and therefore knew it to be room 36. Although it is unclear whether Scott participated in the search, law enforcement maintained surveillance of room 36, further ensuring there would be no mistake. Finally, in executing the warrant, law enforcement went directly to the correct room and searched only that room. Under these circumstances, without even considering law enforcement efforts to amend the warrant, the court has found that the warrant was sufficiently particular to permit the search.[4]

**Amendment to the Warrant:**

■ Defendants next argue that JOP's oral instruction to amend the warrant by changing the room number to the proper number, did not correct the error because the officer was not placed under oath as required by the Fourth Amendment of the United States Constitution, Article II, Section 12 of the Montana Constitution and Section 46–5–222(2) of the Montana Code, and no recording was made of the proceeding as required by Section 46–5–222(3) of the Montana Code.

The government argues that the violations of the Montana Constitution and Code do not require suppression of evidence as long as

---

3. Defendants argue that in *United States v. Bentley*, 825 F.2d 1104 (7th Cir.), *cert. denied*, 484 U.S. 901, 108 S.Ct. 240, 98 L.Ed.2d 198 (1987), the officers particularized the warrant with information from the warrant or affidavit. That is unclear from the opinion. The court therein simply states that the right room number was readily ascertainable and does not state if it was ascertainable from information in the affidavit and warrant or other information.

4. *United States v. Collins*, is distinguishable on the grounds that in that case, the wrong house was searched in the middle of the night, the police got the street address wrong twice, and the side of the street wrong once, all because of their own carelessness and lack of common prudence. 830 F.2d 145 (9th Cir.1987). In addition, in *Collins* the Ninth Circuit concluded that the officers were reckless in preparing their affidavit. *Id.* In this case, the only misstatement in the warrant was the apartment number, but the officer took the informant to the location in part to ensure that the correct room would be searched. Furthermore, the court has already concluded that the officers were not reckless.

the warrant requirement of the Fourth Amendment is met. Defendants argue that where a search is conducted outside of the concrete confines of the Fourth Amendment, and there is no controlling federal law, state law is determinative.[5]

The court need not decide whether state law is relevant in assessing the legality of the search, because the officer who amended the search warrant relied in objective good faith on the instructions of the JOP. Errors in issuing a search warrant that violate the Fourth Amendment generally require suppression. *United States v. Negrete–Gonzales*, 966 F.2d 1277, 1283 (9th Cir.1992). However, suppression is not required if the officer can show objective good faith reliance as required by *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Id.* Certainly, no higher standard can be required of the officer for a violation of a state constitution or statute.

■ Defendants argue that the good faith exception does not apply because the officer who called to amend the warrant should be charged with knowing that an oath and recording were necessary for a valid warrant. Defendants' argument fails. A police officer is not required to disbelieve a judge who has just advised him that the warrant he possesses authorizes him to conduct the search he has requested. *United States v. Kurt*, 986 F.2d 309, 311 (9th Cir.1993) (citation omitted). Where the police behavior is objectively reasonable and largely error-free, suppression of evidence is not warranted by a judge's error. *Id.* The facts in this case are very similar to *Kurt*, wherein the Ninth Circuit held that the good faith exception applied where a state judge failed to place an officer under oath before receiving new address information from the officer on the telephone and before instructing the officer to change the address on a warrant. *See Id.*

In this case, in addition to failing to place the officer under oath, the JOP failed to record the conversation as required by state law. This different fact does not change the result in this case from the result in *Kurt*. Where the officer could be found to be partially at fault for failing to correct a JOP who does not place him under oath on the telephone, the officer has no way of knowing whether the JOP has turned on a recording device.

■ Defendants also argue that the good faith exception does not apply because the officer who originally applied for the warrant did not reveal that the informant was paid or was a convicted felon. Suppression is still appropriate under *Leon* where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth. *Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 3420, 82 L.Ed.2d 677 (1984) (citing *Franks*, 438 U.S. 154, 98 S.Ct. 2674). The court has already found that the affiant's omissions did not display a reckless disregard for the truth.

Defendants argue that only this first prong of the *Franks* test need be shown, because materiality of the reckless actions is irrelevant. *See Boyce*, 601 F.Supp at 955. That conclusion, however, has been called into question. *See Reivich*, 793 F.2d at 962, n. 1. Since the court has concluded that Defendants have failed to establish the first prong of the *Franks* test, it need not decide whether the materiality of the omission should be directly considered. However, it does seem relevant to the court that the affiant's alleged omissions in the affidavit were immaterial to whether the officer who called to amend the warrant could reasonably rely on the telephonic amendment procedures of the JOP.

---

**5.** Generally, evidence seized in compliance with federal law is admissible without regard to state law. *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1374 (9th Cir.1988). However, in certain limited circumstances, state law has been found to be relevant in assessing the legality of a seizure as a matter of federal law. *See, e.g., United States v. Wanless*, 882 F.2d 1459 (9th Cir.1989) (under federal law, inventory searches must be conducted in accordance with official procedures of relevant state or local police department); *United States v. Mota*, 982 F.2d 1384 (9th Cir. 1993) (state law governing arrest relevant to assessing constitutionality of search incident to that arrest).

## CONCLUSIONS OF LAW

1. Defendants' argument that the warrant was not supported by probable cause because the government withheld from the JOP evidence impeaching the credibility of the informant, fails because they did not make a substantial preliminary showing that they are entitled to a *Franks* hearing.

2. Even if Defendants' argument that the warrant was not supported by probable cause because the government withheld from the JOP evidence impeaching the credibility of the informant is considered on its merits, along with the evidence elicited at the hearing, it fails because Defendants did not prove by a preponderance of the evidence that the affidavit contains intentional or reckless omissions, and did not prove that the affidavit supplemented by the omissions cannot support a finding of probable cause.

3. Defendants' argument that the evidence should be suppressed because the only way law enforcement determined that room 36 was the correct room to be searched was by sending the informant into the room, fails because the informant identified room 36 as the correct room to be searched before entering it.

4. Defendants' argument that the warrant was not sufficiently particular to permit a search of room 36 because the warrant said room 34 on its face, fails because even without amending the room number, the warrant was sufficiently particularized to permit the search.

5. Even if the warrant was not sufficiently particular when issued for room 34, the evidence seized pursuant to the warrant need not be suppressed because the officer who amended the search warrant relied in objective good faith on the JOP's instruction to change the room number to 36 and the affiant's omissions did not display a reckless disregard for the truth.

6. Applying these principles to the evidence in the case, the court concludes that Defendants' motion to suppress all evidence seized from room 36 of the Lamplighter Motel during a search on March 3, 1993, fails.

7. Any findings of fact more properly considered conclusions of law are hereby incorporated.

## ORDER

Based on the foregoing findings of fact, discussion, and conclusions of law,

IT IS ORDERED that Defendants' motion to suppress is DENIED.