42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfred A. SMITH, Defendant-Appellant.
 No. 94-10081.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1994.*
Decided Dec. 6, 1994.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Alfred A. Smith appeals his jury conviction for violating 18 U.S.C. Secs. 1708 and 2 for Possession of Stolen Mail. Smith asserts (1) the trial court reversibly erred by admitting irrelevant or unduly prejudicial evidence, (2) the trial court incorrectly defined reasonable doubt for the jury, and (3) the evidence was insufficient to support his conviction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 I.
 
 4
 On the morning of July 2, 1993, a mail carrier discovered that someone had broken into her postal vehicle and that undelivered mail was missing. The same morning, a police officer, while responding to an unrelated call, observed Smith walking with two others. Smith was carrying a package; another male (later identified as Mr. Stewart) was carrying a plastic bag; and a female (later identified as Ms. Huckleby) was carrying nothing. When the three saw the officer, they acted surprised. Smith threw the package into the bushes; the other man dropped the bag. The bag contained mail and the package contained checks and a checkbook, which other evidence later indicated were taken from the postal vehicle. Smith first identified himself as "William Brown" and later as "Alfred Smith."
 
 
 5
 A postal inspector testified that, upon investigation, Smith admitted that when he saw the police officer, he threw the package into the bushes. Smith explained that Ms. Huckleby had given him the package. The inspector testified that, after he told Smith the statutory elements (possession of stolen mail with knowledge the mail is stolen), "[Smith] said, if that was, in fact true if those were the elements, then he was in violation." Smith then offered to assist in recovering the rest of the mail from Ms. Huckleby.
 
 
 6
 Smith's fingerprints were not on the checks or the checkbook. Smith's primary defense at trial was that he did not know that the items were stolen mail. However, after a two-day trial, a jury found Smith guilty.
 
 II.
 
 7
 Smith first contends that the trial court reversibly erred in admitting into evidence gift certificates that were in Smith's wallet when arrested. Investigators had discovered that the gift certificates were purchased with a credit card stolen from a postal vehicle on June 29, 1993, three days before the incident in question.
 
 
 8
 No evidence of stolen credit cards or of the June 29th incident was presented to the jury.[1] An inspector, however, testified that the gift certificates were found in Smith's wallet and that Smith told him that he purchased the certificates for half price from Mr. Stewart and Ms. Huckleby.
 
 
 9
 After the close of evidence, the trial court ruled on the admissibility of the gift certificates:
 
 
 10
 I will admit them. They have been testified to. They have been testified what they are about. I suppose, arguably, they are cumulative, but there has already been testimony concerning them, so I will admit them ... I mean, the jury has been told about them, so I suppose it is, arguably cumulative, but I don't think there is any prejudice to it. And the jury might very well wonder, want to see them, and then we are left with that problem.
 
 
 11
 Smith argues that the gift certificates were (1) irrelevant under Fed.R.Evid. 401, (2) inadmissible as evidence
 
 
 12
 Smith argues that the gift certificates were (1) irrelevant under Fed.R.Evid. 401, (2) inadmissible as evidence of prior bad acts under Rule 404(b), or (3) unduly prejudicial and cumulative under Rule 403.
 
 
 13
 We review for an abuse of discretion. United States v. Fontenot, 14 F.3d 1364, 1371 (9th Cir.), cert. denied, 115 S.Ct. 431 (1994); United States v. Smith, 893 F.2d 1573, 1579 (9th Cir.1990).
 
 
 14
 Applying Rule 401, the gift certificates were relevant to provide a reasonable explanation for the absence of Smith's fingerprints on the stolen checks and checkbook. Smith's fingerprints were not on the gift certificates. A government expert witness testified that some people don't have the requisite amino acids to leave fingerprints all the time. During closing argument, the government asked the jury to consider that Smith's fingerprints were not on the certificates even though they were in his wallet, in assessing the absence of Smith's fingerprints on the stolen checks. The trial court did not abuse its discretion.
 
 
 15
 Similarly, admitting the certificates did not violate Rule 404(b). Smith points to no specific evidence indicating to the jury that the certificates were purchased by a stolen credit card. Rather, Smith argues that, because he purchased the certificates at half price from sellers who wanted to buy "dope," the certificates indicated his propensity to engage in "suspicious activity." Purchasing gift certificates for half price is not a character trait indicating a propensity to possess stolen mail. Moreover, even if it was, the certificates themselves are merely documents. The objectionable testimony would have been Smith's admission that he purchased the certificates for half price, and that point is not raised on appeal. Finally, the evidence would have been admissible as tending to show knowledge--the disputed element--under Rule 404(b), if the government had laid the necessary foundation.
 
 
 16
 Likewise, we find no Rule 403 violation. The evidence was relatively innocuous and not unfairly prejudicial. Even if the certificates were cumulative or otherwise erroneously admitted, we find with "fair assurance" and "more probably than not" that the error was harmless. United States v. Hitt, 981 F.2d 422, 425 (9th Cir.1992).
 
 III.
 
 17
 Smith next contends that the trial court erred by giving the following pattern jury instruction defining reasonable doubt:
 
 
 18
 A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty.
 
 
 19
 We review a trial court's decision to define reasonable doubt for abuse of discretion. United States v. Velasquez, 980 F.2d 1275, 1277-78 (9th Cir.1992), cert. denied, 113 S.Ct. 2979 (1993). We review the instruction de novo to determine whether it accurately stated the law. Id. at 1278.
 
 
 20
 Smith notes that several circuits "discourage or even condemn" defining reasonable doubt because of the difficulty in articulating an acceptable definition. United States v. Nolasco, 926 F.2d 869, 872 (9th Cir.) (en banc), cert. denied, 112 S.Ct. 111 (1991). Smith submits that the instruction "allow[s] a finding of guilt based on a degree of proof below that required by the Due Process clause." Cage v. Louisiana, 498 U.S. 39, 41 (1991). However, we have recently upheld the terms "firmly convinced" and "doubt based upon reason and common sense" in this context. Velasquez, 980 F.2d at 1278-79; United States v. Garza, 980 F.2d 546, 555 (9th Cir.1992). Thus, we find no error.
 
 IV.
 
 21
 Finally, Smith contends that there was insufficient evidence to support his conviction.
 
 
 22
 We review the evidence in a light most favorable to the government to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. United States v. Kurt, 986 F.2d 309, 312 (9th Cir.1993).
 
 
 23
 Under 18 U.S.C. Sec. 1708, the government must prove (1) the items were stolen from the mail; (2) the defendant possessed the items of stolen mail; and (3) the defendant knew the mail was stolen when he or she possessed it. United States v. Patterson, 664 F.2d 1346, 1347 (9th Cir.1982). "[C]ircumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." Kurt, 986 F.2d at 312 (citation omitted). Possession of recently stolen property raises an inference, absent a satisfactory explanation, that the possessor knew that the property was stolen. United States v. Garrett, 457 F.2d 1311, 1312 (9th Cir.1972).
 
 
 24
 Smith concedes that the checks and checkbook were stolen from the mail. He challenges the evidence regarding whether he knew it was stolen. The evidence viewed in the light most favorable to the government: an officer saw Smith with a package of stolen mail; the officer observed a stunned and surprised Smith throw the mail into the bushes; Smith initially lied about his identity; Smith denied possessing the mail; after being advised generally of the elements of Sec. 1708, Smith admitted to a postal inspector that he was in violation and offered to help recover other pieces of mail. The evidence was sufficient for a rational jury to find beyond a reasonable doubt that Smith possessed stolen mail knowing it to be stolen.
 
 V.
 
 25
 We AFFIRM the judgment of the district court.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 During a bench conference, the trial judge warned that "[the witness] can't testify ... that [the certificates] were purchased with a stolen credit card."