60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Timothy J. GAWRON, Plaintiff-Appellant,
v.
Kurt McALLISTER; Peter Ritter, Defendants-Appellees.
 No. 94-35556.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Idaho state prisoner Timothy J. Gawron appeals pro se the district court's summary judgment and dismissal of his 42 U.S.C. Sec. 1983 action against Boise Police Officers Peter Ritter and Kurt McAllister. Gawron alleged that Ritter and McAllister violated his Fourth Amendment rights when (1) Ritter detained and searched him during a traffic stop of a vehicle in which he was a passenger and (2) McAllister illegally searched his residence and seized property pursuant to an allegedly defective search warrant. As a result, Gawron was charged and pled guilty to burglary and grand theft.
 
 
 3
 We review de novo a district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Fourth Amendment Claims
 
 4
 A section 1983 action cause of action for damages attributable to an unconstitutional conviction does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). In Heck, however, the Supreme Court stated that because of doctrines like independent source, inevitable discovery, and harmless error, a successful section 1983 action for an unreasonable search "would not necessarily imply that the plaintiff's conviction was unlawful." Heck, 114 S.Ct. at 2372-73 n. 7; see also, Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam). We therefore assume for the purposes of this decision that Gawron's claim that defendants violated his Fourth Amendment rights does not impact on the validity of his conviction and that his Fourth Amendment claim for damages has accrued. See Heck, 114 S.Ct. at 2372-73.
 
 1. Officer Ritter
 
 5
 Gawron contends that the district court erred by finding that Ritter was entitled to qualified immunity. Gawron claims that Ritter seized, searched, and arrested him without probable cause and that his conduct could not be considered reasonably lawful. This contention lacks merit.
 
 
 6
 To determine whether an official is entitled to qualified immunity, a court must determine (1) whether the right allegedly violated was "clearly established" at the time of the alleged violation, and (2) whether, in light of that law, a reasonable official could have believed his conduct to be lawful. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993).
 
 
 7
 In Idaho, the commission of a traffic violation in the presence of police officers provides a valid reason for stopping the vehicle. See State v. Wight, 790 P.2d 385, 388 (Idaho Ct.App.1990). It is uncontested that Gawron was a passenger in a vehicle driven by Kevin Kuck and that Ritter and his partner, Larry Moore, observed Kuck's failure to activate the vehicle's right turn signal when making a turn. Ritter and Moore therefore had probable cause to stop Kuck's vehicle due to this traffic violation. Since the vehicle was lawfully stopped, Ritter's initial detention of Gawron, the passenger of the vehicle, was also proper. See United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988) ("A valid stop can include the momentary restriction on a person's freedom of movement in order to maintain the status quo while making an initial inquiry.").
 
 
 8
 Gawron also claims that Ritter's subsequent search of his person was unlawful. We disagree.
 
 
 9
 After being pulled over Kuck failed to produce a driver's license or vehicle registration information. He also misidentified himself to Moore stating that his name was "Dustin Cook." From his prior experience, Ritter knew that Kuck, a known burglar, had misidentified himself. Ritter therefore believed that it was appropriate for him to further investigate the situation. Ritter approached the vehicle and shined his flashlight through the windows. In plain view, Ritter saw that inside the vehicle were items, such as a video cassette recorder and a fur coat, that were the types of personal property a burglar could easily "fence."
 
 
 10
 Based on the fact that there were recent burglaries in the Boise area in which Gawron and Kuck were suspects and also because Kuck had intentionally misidentified himself, Ritter requested that Gawron exit the vehicle and subject himself to a pat-down search. During the pat-down search, Ritter discovered a square shaped object that felt like a weapon. The object turned out to be a police scanner. Subsequently, Ritter discovered a screwdriver, gloves and flashlight on Gawron. Gawron was then placed under arrest for possession of burglary tools. A post-arrest search of Gawron's person and the vehicle revealed further evidence that Gawron was linked to several burglaries that were known by the two officers to be taking place throughout the Boise area.
 
 
 11
 Ritter's search of Gawron was proper because it is lawful for a police officer with a reasonable fear for his safety to search for objects which may be used as weapons. See Thomas, 863 F.2d at 628 (pat-down search justified when reasonably prudent person would believe that his safety was in danger). Accordingly, Ritter did not violate Gawron's Fourth Amendment rights. Even if Gawron's Fourth Amendment rights were violated, however, based on the record, the district court did not err by determining that Ritter was entitled to qualified immunity because a reasonable officer could have believed that probable cause existed to detain, search, and arrest Gawron. See Act Up!/ Portland, 988 F.2d at 871-73.
 
 2. Officer McAllister
 
 12
 Gawron also contends that the district court erred by holding that McAllister was entitled to qualified immunity. Gawron claims that the second search warrant secured by McAllister was invalid because it was not supported by probable cause, lacked sufficient particularity, and was founded on intentionally false information. This contention lacks merit.
 
 
 13
 Gawron claims that McAllister's affidavit in support of the warrant contains false accusations. We disagree. Gawron has failed to set forth any proof that rebuts the presumption that the contents of the affidavit are valid. See Forster v. County of Santa Barbara, 896 F.2d 1146, 1148 (9th Cir.1990) (citation omitted).
 
 
 14
 Further, McAllister reasonably believed his conduct was lawful. In securing the second search warrant, he consulted with a prosecuting attorney who determined that probable cause existed. He next consulted with a magistrate who reviewed the affidavits in support of the warrant. The magistrate also determined that probable cause existed and issued the search warrant. Such reliance by McAllister on the prosecuting attorney and the magistrate show that his actions were objectively reasonable. See e.g., United States v. Kurt, 986 F.2d 309, 311 (9th Cir.1993).
 
 
 15
 Thus, even if the second search warrant was defective, McAllister still had a reasonable basis for believing that he secured the second search warrant in a lawful manner. See id. The district court did not err in holding that he was entitled to qualified immunity. See Act Up!/Portland, 988 F.2d at 871.
 
 
 16
 B. Motion to File Third Amended Complaint.
 
 
 17
 Gawron also contends that the district court erred by denying his motion to file a third amended complaint. This contention lacks merit.
 
 
 18
 We review the denial of a motion for leave to amend a complaint for abuse of discretion. National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993). Leave to amend may be denied if amendment would be futile. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987).
 
 
 19
 Here, Gawron sought to amend his complaint by adding private individuals as defendants. These proposed defendants were the persons who reported the stolen property to the Boise Police Department and who claimed their property after it had been recovered from Gawron. Here, amendment of Gawron's complaint to add these defendants would have been futile because the named individuals did not act under color of state law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3