61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel Dismass HAND, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Scott TOLLEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin FURLONG, Defendant-Appellant.
 Nos. 94-30218, 94-30224 and 94-30323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred June 5, 1995.
Submitted June 22, 1995.
Decided July 20, 1995.
 
 Appeal from the United States District Court for the District of Montana, Nos. CR-93-00017-2-CCL, CR-93-00017-4-CCL, CR-93-00017-CCL; Charles C. Lovell, District Judge, Presiding.
 D.Mont., 844 F.Supp. 624.
 Affirmed in Part, Reversed in Part, and Remanded.
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges
 MEMORANDUM*
 I.
 Although we generally do not consider issues raised for the first time on appeal, we exercise our discretion to do so here because review is necessary to prevent a miscarriage of justice and because the adequacy of the jury instruction is an issue of law. See Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir. 1987).
 
 
 1
 The court's instruction to the jury that "the pistol [must have] been shipped or transported in interstate commerce" was erroneous because it did not require the jury to find all the elements of the crime -- in particular, that the pistol travelled in interstate commerce after being stolen. See United States v. Cruz, 50 F.3d 714, 717-19 (9th Cir. 1995). Accordingly, we reverse each defendant's conviction for violating Sec. 922(j), see United States v. Hove, 52 F.3d 233, 235 (9th Cir. 1995) (a new rule of law with regard to proper jury instruction applies retroactively to all cases on direct appeal), and remand for further proceedings, see United States v. Cote, 51 F.3d 178, 183 (9th Cir. 1995) (reversal of a criminal conviction based on an incorrect jury instruction does not bar a second trial).
 
 II.
 
 2
 The grounds upon which the defendants challenge their convictions and sentences on the other counts are without merit.
 
 A. Suppression of Evidence
 
 3
 1. Telephonic Correction of the Room Number
 
 
 4
 Even if state officials seized evidence under a warrant obtained in violation of Montana procedure, the evidence was not inadmissible in federal court because it was not obtained in violation of federal constitutional standards. See United States v. Piver, 899 F.2d 881, 882-83 (9th Cir. 1990).
 
 
 5
 Assuming the failure to administer an oath to the officer seeking the telephonic warrant violated the Fourth Amendment, the good faith exception to the exclusionary rule is applicable. See United States v. Kurt, 986 F.2d 309, 311 (9th Cir. 1993). Failure to record the telephonic request did not defeat the Fourth Amendment interest in preserving a record for judicial scrutiny of the warrant. See United States v. Johnson, 641 F.2d 652, 656, 658 (9th Cir. 1981). The record in this case is clearly adequate for judicial review -- the initial warrant was based on an officer's written affidavit, and the basis for correcting the address is clear in the record. Even if failure to record were a Fourth Amendment violation, the good faith exception to the exclusionary rule would apply. As in Kurt, the absence of the recording was due entirely to the judge's error, and the judge told the officer he was authorized to conduct the search.
 
 
 6
 The constitution does not require a special justification for seeking a telephonic, rather than a written, warrant. A suppression motion based on the ground that circumstances did not justify dispensing with a written affidavit in favor of a telephonic warrant is expressly precluded absent a finding of bad faith. See Fed. Rule Crim. Pro. 41(c)(2)(G). We have relied on this provision without noting any constitutional concerns. See, e.g., Johnson, 641 F.2d at 658 n.4.
 
 2. Taint
 
 7
 Although the informant appears to have been acting as a government agent and there was no valid justification for his warrantless entry, his actions did not taint the warranted search. The police had applied for a warrant to search the hotel room and submitted their evidence of probable cause to the magistrate before the illegal entry occurred. Accordingly, the original warrant was clearly untainted. See Murray v. United States, 487 U.S. 533, 542 (1988) (warranted search is untainted if the officers' decision to seek a warrant is not prompted by the illegal entry and if no information obtained during that entry is presented to the magistrate).
 
 
 8
 The correction of the room number also was untainted by the informant's entry. The district court's finding that the officer who accompanied the informant learned of the correct room number from outside the hotel room, and not as a result of the informant's observations after he entered the room, was not clearly erroneous.
 
 
 9
 B. Violation of Federal Rule of Evidence 103(c)
 
 
 10
 If the district court erred by holding the colloquy regarding the admissibility of the teletype within the hearing of the jury, the error was harmless. The only statement that arguably revealed inadmissible evidence to the jury was the prosecutor's representation that the teletype was offered to show why the officer suspected that the defendants were the occupants of the motel room. Before this statement was made, however, the jury had already heard testimony that the teletype alerted the police to the presence of Hand, Furlong, and Tolley in Helena and to the fact that they were armed. Thus, the colloquy revealed little, if any, new information to the jury. See United States v. Ledesma, 632 F.2d 670, 674 (7th Cir. 1980).
 
 C. Offense Level Enhancement
 
 11
 The plain language of Sec. 2K2.1(b)(5) requires a court to increase the offense level not only if it finds a defendant "used or possessed" a firearm in connection with another felony, but also if the court concludes the defendant intended that the firearms "would be used" in connection with another felony. See United States Sentencing Commission, Sentencing Guidelines Manual, Sec. 2K2.1(b)(5); see also United States v. Brewster, 1 F.3d 51, 54-55 (1st Cir. 1993) (affirming enhancement under Sec. 2K2.1(b)(5) because defendant had reason to believe firearm would be used in a future felony).
 
 
 12
 The district court's finding that the defendants possessed the firearms with the intent to use them in connection with another felony was not clearly erroneous. The teletype from Billings authorities indicated the defendants might be planning an armed robbery, the informant told police that the defendants had expressed an intention to commit armed robbery and "planned on shooting it out" with police if necessary, and, as the defendants concede, the types of weapons found in their possession suggested an illegal purpose.
 
 
 13
 D. Appointment of Defense Psychiatric Expert
 
 
 14
 Assuming Ake v. Oklahoma, 470 U.S. 68 (1985), applies to non-capital cases, we affirm the denial of Furlong's motion for the appointment of a defense psychiatric expert on the ground that Furlong failed to make the requisite threshold showing that his mental condition would be a "significant factor" in the criminal proceeding. See Williams v. Calderon, 52 F.3d 1465, 1473-74 (9th Cir. 1995).
 
 
 15
 Under United States v. Roe, 976 F.2d 1216 (9th Cir. 1992), downward departure because of the psychological effects of childhood abuse is permissible only in "extraordinary circumstances." Id. at 1218. To show that his mental condition would be a significant factor at sentencing, Furlong was required to present at least some facts suggesting that the abuse he suffered had a significantly more serious mental and emotional impact than that in a "typical" case of abuse.
 
 
 16
 Furlong's evidence does not rise to this level. The psychologist's testimony, which the district court characterized as "quite weak," contained only generalizations about victims of childhood sexual abuse. The abuse was referred to as "extreme," but no details were offered. Beyond this characterization, the record contains no evidence that suggests Furlong's experience or its impact were "extraordinary" in comparison to those of other victims of sexual abuse. We conclude that Furlong did not make the requisite threshold showing to invoke his right to expert assistance.[1]
 
 
 17
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as
 
 
 [1]
 Reversal under section 3006A(e)(1) of the Criminal Justice Act is also unwarranted. For the same reasons he failed to make the threshold showing required by Ake, Furlong has not demonstrated prejudice due to the failure to appoint an expert by "clear and convincing" evidence. United States v. Sims, 617 F.2d 1371, 1375 (9th Cir. 1980)